**LITCHFIELD SECURITIES CORPORA-TION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

March 28, 1963.

McCanliss & Early, New York City, for plaintiff. Joseph F. Monaghan, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, for defendant. Morton L. Ginsberg, New York City, of counsel.

DAWSON, District Judge.

This is an action to recover the sum of $8,599.76, plus interest, paid by the plaintiff corporation upon a deficiency asserted by the Commissioner of Internal Revenue for the taxable year 1957. Both sides have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. There are no material issues of fact in dispute and the controversy stems solely from conflicting interpretations of section 545(b) (5) (B) [1] of the Internal Revenue Code of 1954.

Plaintiff corporation is a personal holding company as defined by section 542. As such, it is subject to corporate income tax and is, in addition, subject to a personal holding company

---

1. "§ 545. Undistributed personal holding company income

"(a) Definition.—For purposes of this part, the term 'undistributed personal holding company income' means the taxable income of a personal holding company adjusted in the manner provided in subsection (b), minus the dividends paid deduction as defined in section 561.

"(b) Adjustments to taxable income. —For the purposes of subsection (a), the taxable income shall be adjusted as follows:

"(1) Taxes.—There shall be allowed as a deduction Federal income and excess profits taxes (other than the excess profits tax imposed by subchapter E of chapter 2 of the Internal Revenue Code of 1939 for taxable years beginning after December 31, 1940) and income, war profits and excess profits taxes of

foreign countries and possessions of the United States (to the extent not allowable as a deduction under section 164(b) (6), accrued during the taxable year, but not including the accumulated earnings tax imposed by section 531, the personal holding company tax imposed by section 541, or the taxes imposed by corresponding sections of a prior income tax law. A taxpayer which, for each taxable year in which it was subject to the tax imposed by section 500 of the Internal Revenue Code of 1939, deducted Federal income and excess profits taxes when paid for the purpose of computing subchapter A net income under such Code, shall deduct taxes under this paragraph when paid, unless the taxpayer elects, in its return for a taxable year ending after June 30, 1954, to deduct the taxes described in this paragraph when

tax. The personal holding company tax is designed as a penalty for those who seek to incorporate their pocketbook to avoid surtaxes.

In accordance with the expressed legislative intent, the tax upon undistributed income is exceedingly high: 75 percent of the first $2,000.00 and 85 percent of any excess. Section 545, which provides for a tax upon "undistributed personal holding company income," allows certain deductions of those items which would not aid the taxpayer in avoiding surtax on ordinary income. These may be classified as (1) dividends paid to the stockholders of the personal holding company; (2) payment of income taxes; and (3) long-term capital gains which would be taxed at a maximum of 25 percent whether in the hands of an individual or a corporation.

Section 545 sets forth the various deductions which a corporation is allowed in determining its personal holding company income. Subsection 1 allows as a deduction all federal income taxes paid, including any capital gains tax paid. Subsection 5 allows as a deduction the capital gain itself, less any tax attributable to the gain. This subsection prevents the corporation from realizing a double deduction since the tax attributable to the gain has already been deducted by virtue of subsection 1.

The sole issue raised by the instant motion is the ascertainment of the tax attributable to a capital gain or $48,410.14 realized by the plaintiff in 1957. Plaintiff's position is that the tax attributable to this capital gain is the difference in taxes it paid in 1957 and what it would have paid had it not realized the capital gain. The defendant asserts that the tax attributable to the capital gain is the difference between the tax imposed in 1957 and the tax which would have been imposed had the capital gain not been included in taxable income.

If it were not for the interaction of sections 243 and 246 (the Dividends Received Credit) [2] with section 545(b) (5), the methods of computation used by the parties would yield identical results.

Section 243 (Dividends Received Credit) allows as a deduction 85 percent of dividends received from other domestic corporations. Section 246 limits the amount of the deduction to 85 percent of taxable income. A corporation seeking a dividends received deduction is required to make two calculations: (1) 85 percent of dividends received that qualify under section 243; and (2) 85 percent of taxable income without regard to the deduction allowed by section 243. The lesser of the two amounts is then allowed as a deduction to the corporation.

The plaintiff, by realizing a long-term capital gain of $48,410.14 in 1957, was able to avail itself of the full deduction allowed by section 243. If it had not had

accrued. Such an election shall be irrevocable and shall apply to the taxable year for which the election is made and to all subsequent taxable years.

\* \* \* \* \*

"(5) Long-term capital gains.—There shall be allowed as a deduction the excess of the net long-term capital gain for the taxable year over the net short-term capital loss for such year, minus the taxes imposed by this subtitle attributable to such excess. The taxes attributable to such excess shall be an amount equal to the difference between—

"(A) the taxes imposed by this subtitle (except the tax imposed by this part) for such year, and

"(B) such taxes computed for such year without including such excess in taxable income."

2. "§ 243. Dividends received by corporations

"(a) General rule.—In the case of a corporation, there shall be allowed as a deduction an amount equal to 85 percent of the amount received as dividends \* \* \* from a domestic corporation which is subject to taxation under this chapter."

"§ 246. Rules applying to deductions for dividends received \* \* \*

"(b) Limitation on aggregate amount of deductions.—

"(1) General rule.—Except as provided in paragraph (2), the aggregate amount of the deductions allowed by sections 243, 244, and 245 shall not exceed 85 percent of the taxable income computed without regard to the deductions allowed by sections 172, 243, 244, 245, and 247."

that long-term capital gain, taxable income would have been reduced sufficiently to necessitate the lesser dividends received credit allowed by section 246.

The plaintiff, in recomputing its entire 1957 corporate tax, has reduced its deduction for dividends received to the lesser amount allowed by section 246.

The defendant's position is that section 545(b) (5) requires the amount of the long-term capital gain to be included in all calculations which are necessary to derive taxable income. This would allow the plaintiff the larger deduction for dividends received by virtue of section 243. Taxable income of $51,153.36 would result. The amount of the long-term capital gain would then be deducted from taxable income and a tax computed on the remaining balance. The amount of the tax, $822.97, would be subtracted from the actual tax imposed of $12,925.-51 to determine the tax attributable to the capital gain. This method of calculation leaves the plaintiff with a deduction of $36,307.60. It is the long-term capital gain of $48,410.14 less the tax attributable to the gain of $12,102.54.

Section 545(b) (5) clearly sets forth the method to be employed in determining the tax attributable to a long-term capital gain. It is the difference between the tax as imposed and a tax on an amount equal to taxable income less the long-term capital gain. The tax as imposed is $12,925.51. Taxable income less the amount of the capital gain is $2,743.-32. A corporate income tax on that amount would equal $822.97. Thus the tax attributable to the capital gain is $12,925.51 less $822.97, or $12,102.54. The deduction allowed by section 545(b) (5) is the long-term capital gain less the tax attributable to the gain. It is $48,-410.14 less $12,102.54, or $36,307.60.

Section 545(b) (5) (B) states that the amount to be subtracted from the tax imposed is "such taxes computed for such year without including such excess in taxable income." "Such excess" refers to the long-term capital gain. This is precisely the method of computation utilized by the defendant. The amount of the capital gain is deducted from taxable income and a tax computed on the remaining balance.

The motion of plaintiff for summary judgment is denied. Defendant's motion for summary judgment is granted.

So ordered.